### GUEDRY v. KEITH et al.

(Court of Civil Appeals of Texas. Galveston. Nov. 4, 1912. Rehearing Denied Dec. 5, 1912.)

1. PUBLIC LANDS (§ 175*)—PROCEEDINGS—FILING OF CERTIFICATE—EFFECT OF FAILURE.

Acts 12th Leg. (2d Sess.) c. 57, provides that in all locations and surveys of land heretofore made under any certificate as is specified in the first section of this act, which included a headright certificate, and in which the field notes have been returned to the General Land Office, and the certificate is not on file in that office or has been withdrawn for location of unlocated balance, such certificate shall be returned to and filed in the General Land Office within, eight months from the passage of the act, or the location and survey made thereunder shall be void. *Held* that, where a headright certificate was never returned to and filed in the General Land Office, a location and survey made by virtue thereof was void.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 555–570; Dec. Dig. § 175.*]

2. PUBLIC LANDS (§ 174*)—STATUTORY REGULATIONS—VALIDITY.

Acts 12th Leg. (2d Sess.) c. 57, relating to filing of headright certificates in the General Land Office is constitutional.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 552–554; Dec. Dig. § 174.*]

Appeal from District Court, Hardin County; L. B. Hightower, Judge.

Action by J. F. Keith and another against Gustan Guedry. From a Judgment for plaintiffs, defendant appeals. Affirmed.

J. W. Lockett, of Houston, Greers & Nall, of Beaumont, and John L. Little, of Kountze, for appellant. Geo. D. Anderson, of Beaumont, and Singleton & Nall, of Kountze, for appellees.

McMEANS, J. J. F. Keith and the Keith Lumber Company brought this suit against Gustan Guedry for the recovery of 1,238⅓ acres of land in Hardin county, patented to the assignees of John M. Bowyer. They also sued John H. Kirby and Charles D. Bragg on their covenants of warranty. The suit against Bragg was dismissed, and, as the plaintiffs recovered against defendant, Guedry, there was no recovery against Kirby on his warranty. The defendant Guedry disclaimed as to all the land sued for except 640 acres, John P. Wilds survey, which was in conflict with the Bowyer, and as to said 640 acres he pleaded not guilty and the statute of limitations of three, five, and ten years. A trial before the court without a jury resulted in a judgment for plaintiffs, and from this judgment the defendant has appealed.

This case has been tried twice, and this is the second appeal. On the first trial a judgment was rendered on the verdict of a jury in favor of defendant for the 640 acres John P. Wilds survey, and on appeal said judgment was affirmed by the Court of Civil Appeals of the Fourth District, 114 S. W. 392. Afterwards the Supreme Court granted a writ of error and reversed the judgment of the Court of Civil Appeals and of the district court and remanded the case for a new trial. 103 Tex. 160, 122 S. W. 17, 125 S. W. 5.

The trial court filed its finding of facts, which, on account of its great length, we will not undertake to set out in this opinion. We think, however, that the evidence in the record justifies the following fact findings: The appellees claim the John M.

Bowyer survey of 1,238⅓ acres which was surveyed March 30, 1881, by virtue of duplicate certificate No. ³⁵/₁₃₇ issued January 24, 1879, in lieu of certificate No. 1,062, issued by the board of land commissioners of Harris county on August 9, 1851, to John M. Bowyer. The field notes of the survey were filed in the General Land Office April 12, 1881, and on October 25, 1881, were indorsed as being in conflict with the John P. Wilds survey, and on November 9, 1883, were indorsed corrected. On July 2, 1886, patent was issued for the land described by the field notes to Levi Ketchum and James D. Rhea as assignees of John M. Bowyer, which was recorded in Hardin county. It is conceded by the appellant that appellees connected themselves by a complete chain of title with the patentees. The appellee claims the John P. Wilds unpatented survey of 640 acres made on April 30, 1856, and which is entirely covered by the Bowyer survey. John P. Wilds immigrated to Texas in 1838, and was the head of a family, and on July 4, 1839, he obtained from the board of land commissioners of Jefferson county a conditional headright certificate No. 46 for 640 acres, took the oath, and made the proof of witnesses as required by law. The clerk of said board reported to the General Land Office, on July 18, 1839, that said certificate had been issued. The board appointed to investigate the records of the board of land commissioners east of the Brazos river reported May 24, 1841, recommending this certificate as genuine and legally issued. On November 4, 1845, John P. Wilds obtained from the board of land commissioners of Jefferson county his unconditional headright certificate No. 46 for 640 acres, and the issuance of this certificate was by the clerk of said board of land commissioners reported to the General Land Office. John P. Wilds located upon the 640 acres in controversy in 1839 or 1840, and resided thereon with his family until he sold it to Ursin Guedry in 1856, and said Guedry moved on the place immediately, and resided thereon with his family until his death in 1861, and his family continued to reside thereon substantially all the time until the fall of 1881.

The 640 acres in question were surveyed April 30, 1856, by A. H. Redding, surveyor of Jefferson county, which then included what is now Hardin county. The field notes of the survey recite that the survey was made by virtue of headright certificate No. 46, and they were recorded in the surveyor's office April 30, 1856, and were, with the map thereto attached, filed in the General Land Office on July 14, 1856. It is conceded by the appellees, and we find, that the appellant, Gustan Guedry, has the title which was acquired by the location of the John P. Wilds survey. The trial court found, and the evidence warrants the finding by us, that

neither the conditional nor the unconditional certificate issued to John P. Wilds was ever returned to or filed in the General Land Office. No patent was ever issued by the Commissioner of the General Land Office to John P. Wilds, or any other person, for the land surveyed by virtue of the John P. Wilds headright certificate. The court concluded as a matter of law, based upon findings substantially as above, that the John P. Wilds 640-acre survey became forfeited for failure to return to or file in the General Land Office the certificate by virtue of which said survey was made, and that the land thereby became vacant and subject to appropriation, and that the John M. Bowyer survey was validly located, surveyed, and patented over the said John P. Wilds forfeited survey. This conclusion is attacked by appellant by several assignments of error, which we will not discuss in detail. We are of opinion that all of said assignments must be overruled.

[1] As before stated, the certificate upon which the John P. Wilds survey was made (and whether it was made by virtue of the conditional or unconditional does not clearly appear and it is not material upon which) was never returned to or filed in the General Land Office. On the 29th day of November, 1871, the Legislature of this state enacted that: "In all locations and surveys of land heretofore made by virtue of any such certificate as is specified in the first section of this act, and in which the field notes have been returned to the General Land Office, and the certificate by virtue of which the survey was made is not on file in the General Land Office, nor has been withdrawn for location of unlocated balance, as is provided in the first section of this act, such certificate shall be returned to, and filed in the General Land Office within eight months from the passage of this act, or the location and survey made by virtue thereof, shall be null and void." Laws 2d Session 1871, p. 45, c. 57. The John P. Wilds certificate being a headright, was embraced in the terms of the first section of that act, therefore included in the part of the second section copied above. As said by our Supreme Court in this case on the former appeal (103 Tex. at page 166, 122 S. W. at page 19): "It follows that by the unmistakable language of the law the survey made under that certificate became void, and on March 30, 1881, the land was subject to location and appropriation by the certificate of John M. Bowyer, then located thereon, unless it shall appear that the unconditional certificate was at some time prior to July 29, 1872, on file in the General Land Office." We have before stated that the evidence shows that neither of said certificates was ever returned to and filed in the General Land Office, and, this being

true, it follows, of course, that the unconditional certificate was not returned to or filed therein prior to July 29, 1872.

[2] The contention of appellant that the act of November 29, 1871, is unconstitutional was decided against him by the Supreme Court in the opinion referred to. But appellant by his seventh assignment complains that the court erred in not holding that the John M. Bowyer survey and patent are void, because made on the same land formerly covered by the John P. Wilds survey, and without giving 90 days' notice of the forfeiture of the John P. Wilds survey. He contends by his proposition under this assignment, in substance, that the owner of a certificate by which a forfeited survey was located has a vested right in the land and has 90 days after he shall have been notified of the forfeiture within which to relocate on the same land, and during that time the land is reserved from location, survey, and patent by another, and any location, survey, or patent made before the expiration of 90 days, or without notice of the forfeiture being given, is void and is not validated by any subsequent lapse of time or by failure of the owner of the forfeited survey to relocate on same. This contention is based on the act of June 2, 1873, which provides: "When a survey has become forfeited and void from any cause, as soon as such forfeiture is discovered the Commissioner shall notify the party interested in such survey or location, in writing by mail, directed to such party at his post office address, if known, and if not known, directed to him at the county seat of the county in which the land is situated, of such forfeiture; and no new file or location shall be made on the land covered by such forfeited survey or location, except by the owner of such forfeited survey or location for a period of ninety days after the mailing of such notice." Revised Statutes 1879, art. 3812. This act was amended by the act of February 11, 1881, which went into effect July 1, 1881, and is brought forward in Revised Statutes of 1895 as article 4057, by adding thereto the following: "And the Commissioner shall keep a record of the date said notice was mailed and the name of the party to whom the notice was mailed, and the name of the post office to which said notice was addressed; and the record of such entries shall be prima facie evidence of the facts therein stated, and the absence of such entries shall be prima facie evidence that the notice required above had not been given."

As this last amendment was made after the location of the Bowyer certificate, it may be that no presumption would arise from the fact that the records of the Land Office were silent on the question that the notice of forfeiture was not in fact given. The court in its fact findings found that there was no evidence that notice of the forfeiture of the John P. Wilds survey was given to said Wilds, Ursin Guedry, or his heirs, among whom the survey was partitioned. The court made additional findings of fact after the expiration of the time provided by law for filing its findings, in which it is specifically found that no notice of the forfeiture was ever given.

We think the assignment must be overruled, for, regardless of the conclusion this court might otherwise reach, we think the question is, in effect, concluded by the decision of the Supreme Court on the former appeal. It is clear from the opinion that the Supreme Court held that the failure to file the Wilds certificate in the General Land Office before the 29th day of July, 1872, rendered the location and survey void. If void, then the land was subject to location under any other valid certificate. This view of the Supreme Court is emphasized by the concluding portion of its opinion wherein this language is used: "In remanding the cause we think it proper to say that, the state having issued a patent upon the location made under the Bowyer certificate, it will devolve upon the defendant below (Guedry) to prove that the unconditional certificate issued to J. P. Wilds was located and the field notes and certificate returned to and deposited in the General Land Office at some time prior to the 29th day of July, 1872. Such proof in our opinion would show a vested right which would be superior to the right upon which the patent was issued, unless the plaintiffs shall prove that, after the Wilds certificate had been deposited in the Land Office, it was withdrawn therefrom by the owner of the certificate, or by some person authorized by him to do so. Snider v. Methvin, 60 Tex. 499. If such proof should be made by plaintiffs, then the survey made by the Wilds certificate must be held to have been forfeited under the act of November 29, 1871, and plaintiffs would be entitled to recover the land in controversy."

Appellant's eleventh assignment of error complains of the action of the court in refusing to render judgment in his favor on the issue of limitation under the three, five, and ten years' statutes.

The court found that appellant had failed to establish title by limitation in himself, or through those under whom he claims, to the land in controversy. We have carefully examined the evidence set out in the briefs of the parties on this issue, and, while it is conflicting, we find that there was testimony which justified the court's conclusion. The assignment is overruled.

There are many other assignments presented by appellant in his brief, all of which we have carefully considered, and have

reached the conclusion that none of them point out error which requires a reversal of the trial court's judgment. The judgment of the court below is affirmed.

Affirmed.